```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VIBERT JONES,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           08-CV-5215 (JS)(ARL)

INDYMAC FEDERAL BANK, INDYMAC
FEDERAL BANK LOAN MITIGATION
DEPARTMENT, INDYMAC FEDERAL BANK
HOME LOAN SERVICING,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Vibert Jones, pro se
                    140 Dikeman Street
                    Hempstead, NY 11550

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Vibert Jones ("Plaintiff") filed the instant action pro se against IndyMac Federal Bank, IndyMac Federal Bank Loan Mitigation Dept., IndyMac Federal Bank Home Loan Servicing (collectively "Defendants") challenging the refinancing of his mortgage for real property. Presently, the Court considers, sua sponte, whether it has subject matter jurisdiction over Plaintiff's claims. The Court concludes that it lacks subject matter jurisdiction. Accordingly, the action is DISMISSED.

BACKGROUND

Plaintiff's Complaint alleges that in June 2007, he "refinanced with IndyMac Bank and obtained a mortgage with an initially fixed adjustable rate of 7.125% and monthly payments of $2,290.64, adjustable in 2012." (Compl. ¶ 1.) In February 2008,

Plaintiff informed IndyMac Bank of his inability to pay and requested an affordable modification of the mortgage. (Compl. ¶ 2.) Subsequently, Plaintiff missed several months worth of mortgage payments, (Compl. ¶ 3), accepted a modification offered to him, and then rejected a subsequent modification offer in August 2008. (Compl. ¶ 4.) Plaintiff alleges that for the next few months, he made some but not all of his mortgage payments. (Id.) In November 2008, with the help of Home Ownership and Preservation Foundation's Default Counseling Prevention ("HOPE"), Plaintiff spoke with a representative of IndyMac who informed him that his mortgage payments would be increasing. (Compl. ¶ 2.) Plaintiff now asks the Court to (1) invalidate the increased mortgage payment, (2) set Plaintiff's payment rate to the amount he had been paying, and (3) make the "arrears predicated on the previous monthly payments of $2,290.64" null and void. (Id.)

In an Order dated March 31, 2009, this Court granted Plaintiff's application to proceed in forma pauperis, but dismissed Plaintiff's Complaint without prejudice, and with leave to amend for failure to satisfy complete diversity between the parties. On May 8, 2009, Plaintiff filed an Amended Complaint. The Court directed service of the Amended Complaint on July 17, 2009. Subsequently, the Federal Deposit Insurance Corporation ("FDIC") sent a letter to the Court and to Plaintiff, without making an appearance in this case, informing the Court of the following:

> The FDIC was appointed as Receiver for [IndyMac] on March 19, 2009. As the Notice indicates, courts lack jurisdiction over claims against the Receiver until the plaintiff has exhaused the mandatory receivership administrative claims procedures. A plaintiff who wishes to sue the FDIC as Receiver after exhausting the statutory claims procedures may sue only in specified federal courts. 12 U.S.C. 1821(d)(6)(A). For this Receivership, the statute limits jurisdiction to the United States District Court for the District of Columbia or the United States District Court for the Central District of California.

(FDIC Letter, Aug. 17, 2009.) It is in this context that the Court considers whether it has subject matter jurisdiction to hear this case.

## DISCUSSION

I. Federal Rule of Civil Procedure 12(b)(1)

The Court considers sua sponte its subject-matter jurisdiction over this case, "'as [it is] obliged to do [irrespective of whether either party raises the issue] when it is questionable.'" United States v. Frias, 521 F.3d 229, 231 (2d Cir. 2008) (quoting Henrietta D. v. Giuliani, 246 F.3d 176, 179 (2d Cir. 2001)). Subject matter jurisdiction cannot be waived, and if jurisdiction is lacking, dismissal is mandatory. See De Masi v. Schumer, 608 F. Supp. 2d 516, 520 (S.D.N.Y. 2009) (citing Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 295 (2d Cir. 2000)).

II. This Court Lacks Jurisdiction Over Plaintiff's Claims.

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), granted the FDIC authority to act as Receiver for failed financial institutions, and created a statutory procedure for the processing of claims against the FDIC. 12 U.S.C. §§ 1821(d)(3)-(13). One of the powers provided to the FDIC in FIRREA was the power to determine claims and to disallow claims not proven to the receiver's satisfaction. See 12 U.S.C. §§ 1821(d)(3)(A) and (d)(5)(D). A fundamental requirement of the statutory claims procedures created by FIRREA is that all claimants against the institution must file their claims with the receiver. 12 U.S.C. § 1821(d)(5). If a claimant is dissatisfied with the receiver's determination of its claim, the claimant may seek de novo adjudication in the appropriate federal district court.

Section 1821(d)(13)(D) bars the jurisdiction of all courts over claims against the failed bank unless jurisdiction is otherwise authorized in section 1821(d). Section 1821(d)(6) provides as follows:

> (6) Provision for agency review or judicial determination of claims
> (A) In general
> Before the end of the 60-day period beginning on the earlier of--
> > (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or

> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i)
>
> the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821 (d)(6)(A). In other words, courts do not have jurisdiction over claims against a failed institution for which the FDIC has been appointed Receiver until after the expiration of the claims period. See McCarthy v. FDIC, 348 F.3d 1075, 1077-78 (9th Cir. 2003). The exhaustion requirement "applies to any claim or action respecting the assets of a failed institution for which the FDIC is Receiver," and extends to post-Receivership claims arising out of acts by the Receiver as well as the failed institution. Id. at 1081. Even after a party exhausts its administrative remedies, it may only seek review of the receiver's determination in two jurisdictions.

Here, the Complaint asserts a number of claims against IndyMac Federal Bank. As each of these claims are the responsibility of the FDIC Receiver, Plaintiff is required to exhaust the FIRREA claims process before pursuing claims in any court. See Ramos v. NDEX West, LLC, No. 09-CV-0190, 2009 WL

5

1675911, *2-3 (E.D. Cal. June 1, 2009). Like the Plaintiff in <u>Ramos</u>, Jones failed to exhaust the FIRREA claims process. Therefore, this Court lacks jurisdiction over his claims against IndyMac.

## CONCLUSION

The Court finds that it lacks subject matter jurisdiction to hear this case. Accordingly, the Court hereby DISMISSES Plaintiff's case. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ Joanna Seybert
---
Joanna Seybert, U.S.D.J.

Dated: August 24, 2009
   Central Islip, New York